UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

RAMANAN RAMDEO, )
)
        Petitioner )
)
    v. )    Civil Action No.
)    03cv12443-RCL
)
UNITED STATES OF AMERICA )
DEPARTMENT OF IMMIGRATION, )
)
        Respondent )

## RETURN AND MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

### SUMMARY CASE STATEMENT

Petitioner is a native and citizen of Guyana presently detained by respondent Bureau of Immigration and Customs Enforcement ("respondent", "ICE")[1] pending execution of his final order of removal. His petition to this Court asserts prolonged post-order detention, presumably in contravention of the Supreme Court's rule in Zadvydas v. Davis, 121 S. Ct. 2491 (2001).

Petitioner does not challenge the validity or enforceability of his final order of removal, but only his continuing detention, in that he says: "I believe I should not be forced to remain in detention forever solely because the government of Guyana refuses to take action in my case [by issuing the necessary documents for removal]." Petition, p.1.

---

[1] As of a DHS restructuring effective June 9, 2003, the responsive successor official of the Department of Homeland Security having control of petitioner's custody in the instant action is Bruce Chadbourne, Interim Field Director for Detention and Removal, Bureau of Immigration and Customs Enforcement in Boston, Massachusetts.

However, because petitioner's removal has now been scheduled for **February 5, 2004,** removal is now "reasonably foreseeable" as required by the Supreme Court in Zadvydas, and the case should be dismissed for failure to state a claim upon which relief may be granted.

**ARGUMENT**

I.   BECAUSE PETITIONER'S REMOVAL IS NOW SCHEDULED TO OCCUR ON **FEBRUARY 5, 2004,** THE PETITION FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.

Petitioner challenges no aspect of his order of removal, nor the enforceability of it.  Rather, he essentially complains that "Guyana has refused to issue travel documents [and] consequently I have been incarcerated in this facility for over 7 months after a final order of deport[ation]." Petition, p.1.

However, the government of Guyana has now issued the documents necessary to effect the removal order in petitioner's case, and petitioner's **removal is now scheduled for February 5, 2004.**

Because petitioner's removal is now scheduled for a date certain just over three weeks from now (**February 5, 2004**), petitioner fails to state a colorable claim of unlawful detention. The Supreme Court in Zadvydas v. Davis, 121 S. Ct. 2491 (2001) recognized six months as a presumptively reasonable period of detention within which to allow the government to accomplish an alien's removal, and said that, "for the sake of

uniform administration in the federal courts, we recognize that period". <u>Id</u>. at 2505. The Court further held:

> After this 6-month period, <u>once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future</u>, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. <u>To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future</u>.

<u>Zadvydas v. Davis, et al.</u>, 121 S. Ct. at 2505 (emphasis added).

In <u>Akinwale v. Ashcroft, et al.</u>, 287 F.3d 1050 (11th Cir. 2002), the Eleventh Circuit held that six months post-final order detention must have elapsed before the filing of a habeas petition, and that, "in order to state a claim under <u>Zadvydas</u> the alien not only must show post-removal order detention in excess of six months but also <u>must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future</u>." <u>Id</u>. at 1052 (emphasis added).

In <u>Lema v. USINS</u>, 214 F.Supp.2d 1116, 1118 (W.D. Wash. 2002), even where post-order detention had <u>exceeded</u> six months, the district court explained that:

> The mere fact that six months has passed since petitioner was taken into INS custody does not satisfy his burden. While an alien's detention will no longer be presumed to be reasonable after six months, there is nothing in <u>Zadvydas</u> which suggests that the Court must

3

or even should assume that any detention exceeding that length of time is unreasonable. Rather, the passage of time is simply the first step in the analysis. Petitioner must then provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future."

In the instant case, the necessary travel documents have now been received, and petitioner is now scheduled for removal on **February 5, 2004.** Accordingly, there is necessarily a "significant likelihood of removal in the reasonably foreseeable future", and the petition fails to state a claim upon which relief may be granted.

Respondent also hereby provides the Court advance notice of petitioner's deportation scheduled for **February 5, 2004.**

## CONCLUSION

For all the reasons set out above, the petition should be dismissed and all other relief denied.

                Respectfully submitted,

                MICHAEL J. SULLIVAN
                United States Attorney

By:    _____
        FRANK CROWLEY
        Special Assistant U.S. Attorney
        Department of Homeland Security
        P.O. Box 8728
        J.F.K. Station
        Boston, MA 02114
        (617) 565-2415

**CERTIFICATE OF SERVICE**

I hereby certify that I caused true copy of the above document to be served upon pro se petitioner by mail on January 13, 2004.

_____
FRANK CROWLEY
Special Assistant U.S. Attorney
Department of Homeland Security
P.O. Box 8728
J.F.K. Station
Boston, MA 02114