UNITED STATES DISTRICT COURT
DISTRICT COURT OF MASSACHUSETTS

CIVIL ACTION
NO. 03-12443-RCL

RAMANAN RAMDEO
    Petitioner

v.

UNITED STATES OF AMERICA
DEPARTMENT OF IMMIGRATION,
    Respondent.

PETITIONER'S MOTION FOR AN ORDER OF RELEASE

    Petitioner, Ramanan Ramdeo, has filed a petition for writ of habeas corpus asking this Court to order his release from the custody of the Department of Homeland Security ("DHS") on the ground that his continued detention is unreasonable and therefore unconstitutional.

    For the reasons stated below, the Court should grant his petition.

BACKGROUND

    Mr. Ramdeo is a citizen of Guyana and a legal permanent resident of the United States. He was convicted of Assault and Battery for which a sentence of two and a half year split sentence, one year to serve and the balance suspended for two years, rendering the crime an aggravated felony for immigration purposes and subjecting him to removal.

    On March 27, 2003, an immigration judge entered a final order of removal against Mr. Ramdeo. He did not appeal the removal order and has been in INS custody since that time. Presently, he has been in custody for about ten days shy of ten months awaiting removal. Mr. Ramdeo's continued detention is unconstitutional under the Supreme Court's decision in *Zadvydas v. Davis*, 533 U.S. 678 (2001).

Under *Zadvydas*, the DHS must demonstrate that it will remove Mr. Ramdeo in the reasonably foreseeable future, which it has not done.

## ARGUMENT

In *Zadvydas*, the Supreme Court held that § 241(a)(6) authorizes detention for "a period reasonably necessary to bring about [the] alien's removal from the United States." 533 U.S. at 689. Six months is presumptively reasonable. *Id*. at 701. After that, if the alien provides good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future, the burden shifts to the government to respond with rebuttal evidence. *Id*. If the Court finds that there is no significant likelihood of removal in the reasonably foreseeable future, the Court must order the DHS to release the Petitioner. *Id*.

In Mr. Ramdeo's case, he has been in the custody of DHS since March 27, 2003, well in excess of six months. The burden, therefor, rests on the DHS to show significant likelihood of removal. The DHS has not yet fled an answer and has not sustained its burden.

Wherefore, the Petitioner respectfully requests that this Honorable Court issue an order directing the Respondent to release him from custody.

Respectfully submitted,
RAMANAN RAMDEO,
By his attorney,

Derego Demissie
DEMISSIE & ASSOCIATES
929 Massachusetts Avenue, Suite 01
Cambridge, MA 02139
617-354-3944

## CERTIFICATE OF SERVICE

I, Derege B. Demissie, Esquire, hereby certify that I have served the Petitioner's Motion for an Order of Release and Notice of Appearance to Sheriff Joseph F. McDonough, Plymouth County Correctional Facility, 26 Long Pond Road, Plymouth, MA 02114 and Frank Crowley, Esq., Special Assistant United States Attorney, Department of Homeland Security, P.O. Box 8728, JFK Station, Boston, MA 02114, via first-class mail, postage pre-paid on January 16, 2004.

Derege B. Demissie